IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LINDA GERVAIS, TAMMY E. WILLIAMS, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. _____ ) |
| v. | ) ) **COMPLAINT-CLASS ACTION** |
| MICHIGAN EDUCATION ASSOCIATION, | ) ) |
| Defendant. | ) ) |

Amanda K. Freeman
Frank D. Garrison
Milton L. Chappell*
*  *Application for Admission Filed*
c/o National Right to Work Legal Defense
    Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Telephone: 703-321-8510
Facsimile: 703-321-9319
akf@nrtw.org
fdg@nrtw.org
mlc@nrtw.org

*Attorneys for Plaintiffs*

## I. PRELIMINARY STATEMENT

Under the First Amendment, it is unconstitutional for unions to collect or attempt to collect union dues, fees, or other payments from nonconsenting public sector employees. *Janus v. State, County, and Mun. Emps.*, ___ U.S. ___, 138 S. Ct. 2448, 2486 (2018). Nevertheless, Defendant Michigan Education Association ("MEA") continues to attempt to collect and/or actually collect dues, fees, and/or other payments from nonconsenting employees such as Plaintiffs Linda Gervais ("Gervais") and Tammy E. Williams ("Williams") and the class they seek to represent (hereinafter "Class"). Accordingly, Gervais and Williams bring this class-action lawsuit seeking declaratory, injunctive, and monetary relief to remedy these constitutional violations.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction to adjudicate this case pursuant to 28 U.S.C. § 1331, because it arises under the United States Constitution, and 28 U.S.C. § 1343, because Plaintiffs and the Class seek relief under 42 U.S.C. § 1983.

2. This Court also has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 because declaratory relief is sought.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant maintains its headquarters and does business within this judicial district and events giving rise to this action took place in this judicial district. Venue is further proper in the Southern Division of this Court because the claims and facts partially arise in Lansing, Michigan and were filed in this division.

## III. PARTIES

4. Plaintiffs are public sector employees who work, or worked, for various public school districts within bargaining units represented by MEA and its affiliates. More specifically:

5. Plaintiff Gervais resides in Port Sanilac, Michigan.

6. Plaintiff Williams resides in Kimball, Michigan.

7. Defendant MEA is a labor organization with a principal office located in the Southern Division at 1216 Kendale Blvd., East Lansing, Michigan 48823. MEA—along with various local affiliates—are, or were, Plaintiffs' and the Class' exclusive representative, Mich. Comp. Laws § 423.211, and otherwise transacts business in this judicial district.

## IV. FACTS

8. Michigan's Public Employment Relations Act ("PERA") authorizes MEA and other unions to act as the exclusive bargaining representative of public employee units. MICH. COMP. LAWS § 423.211.

9. Between August 1991 and July 1, 2014, Plaintiff Gervais was employed by the Port Huron Area School District ("Port Huron") at various times as an Account Clerk II, Secretary II, and Account Clerk I within a bargaining unit represented by Port Huron Association of Educational Secretaries ("PHAES") with assistance from its affiliate MEA.

10. When Gervais began her employment with Port Huron, she signed MEA's joint membership application and dues check-off authorization form in, or about, August 1991 based on the union representative's statements that union membership was an employment condition.

11. On, or about, September 25, 2013, Gervais notified PHAES and MEA by written letter resigning her union membership at all levels ("resignation") and revoking her check-off authorization ("revocation").

12. On January 30, 2018, MEA, through its debt collection attorney, demanded, by letter, Gervais pay dues and/or fees in the amount of $647.30 that had accrued between her September 25, 2013 resignation from union membership and her July 1, 2014 retirement from employment,

and further attempted to collect those dues and/or fees by threatening a small claims court collection action for her failure to pay them.

13. Gervais has not paid any dues and/or fees to MEA or its affiliates that accrued after her September 25, 2013 resignation and revocation.

14. Since October 10, 1997, Plaintiff Williams has been employed by Port Huron as a full-time Secretary I within a bargaining unit represented by PHAES with assistance from its affiliate MEA.

15. After Williams began her employment with Port Huron as a Secretary I, she signed MEA's joint continuing membership application and dues check-off authorization form on January 12, 1998 based on the information and belief that both were employment conditions.

16. On, or about, September 17, 2013, Williams notified PHAES and MEA by written letter, via certified mail, return receipt requested with the U.S. Postal Service, of her resignation and revocation.

17. On at least thirty-two occasions since January 15, 2015, MEA monthly has demanded, by e-mail, Williams pay dues and/or fees in the amount of $622.39 that had accrued after her September 17, 2013 resignation.

18. On January 11, 2017, MEA demanded, by letter, Williams pay dues and/or fees in the amount of $622.39 that had accrued after her September 17, 2013 resignation and revocation, and further attempted to collect those dues and/or fees by threatening to send her matter to its collections law firm for her failure to do so, which firm would pursue any and all available legal options to obtain the alleged outstanding balance.

19. On May 25, 2018, MEA, through its collections law firm, demanded, by letter, Williams pay dues and/or fees in the amount of $622.39 that had accrued after her September 17, 2013 res-

ignation and revocation, and further attempted to collect those dues and/or fees by threatening a small claims court collection action for her failure to pay them.

20. Williams has not paid any dues and/or fees to MEA or its affiliates that accrued after her September 17, 2013 resignation and revocation.

21. On information and belief, MEA acts as the collection agent for itself, its parent affiliate, the National Education Association, and the local affiliates, including PHAES, in demanding, attempting to collect, and/or actually collecting dues, fees, and/or payments from Gervais, Williams, and the putative Class and then in distributing those dues, fees, and/or payments amongst its affiliates.

22. On June 27, 2018, the Supreme Court in *Janus* held it unconstitutional for a union to attempt to collect dues, fees, and/or payments or require a non-member to financially support the union without the employee first affirmatively having consented to pay and having waived his or her First Amendment rights. 138 S. Ct. at 2486.

## V. CLASS ACTION ALLEGATIONS

23. This is a class action brought by the named Plaintiffs on their own behalf and on behalf of all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(1)(A), (b)(2), and/or (b)(3). The Class consists of all public employees from whom MEA, its affiliates, and/or its agents have demanded, attempted to collect, and/or actually collected union dues, fees, and/or other payments for times during which the employee affirmatively had not consented to pay those monies. The Class includes everyone who comes within the Class definition at any time from three (3) years prior to the date of this action's filing until its conclusion for the period they meet the Class definition.

24. Upon information and belief, the number of persons in the Class is in the hundreds, as MEA represents approximately 23,000 non-member employees in Michigan. These persons are therefore so numerous that joinder of the entire Class is impractical. Their number makes joinder of the entire Class impractical.

25. There are questions of law and fact common to all Class members, including Plaintiffs. Factually, all Class members are non-union members who are subject to the same, or similar, MEA's, its affiliates', and/or its agents' demands for payment, attempts to collect, and/or actual collection of union dues, fees, and/or payments. The question of law is the same for all Plaintiffs and Class members: whether MEA violated their First Amendment rights by demanding payment of, attempting to collect, and/or actually collecting union dues, fees, and/or payments from non-members in violation of *Janus*.

26. The named Plaintiffs' claims are typical of other Class members' claims as the Class members are subject to the same infringement of their constitutional rights and interests caused by MEA's, its affiliates', and/or its agents' demands, attempts to collect, and/or actual collection of union dues, fees, and/or payments from non-members without written authorization and a legal waiver of their constitutional rights.

27. The named Plaintiffs adequately can represent the Class's interests. They have no interests antagonistic to other non-members who are subject to MEA's, its affiliates', and/or its agents' demands for, attempts to collect, and/or actual collection of dues, fees, and/or payments from non-members.

28. Because MEA, its affiliates, and/or its agents are demanding payment of, attempting to collect, and/or actually collecting dues and/or fees from non-member employees it exclusively represents in violation of the employees' constitutional rights, the prosecution of separate actions by in-

6

dividual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for MEA.

29. Because MEA, its affiliates, and/or its agents have demanded, attempted to collect, and/or actually collected union dues, fees, and/or payments from Plaintiffs and the Class on grounds applicable generally to the class, final injunctive relief and/or corresponding declaratory relief is appropriate.

30. A class action can be maintained under Rule 23(b)(3), because the common questions of law and fact identified in paragraph 25 predominates over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all Class members are suffering the same violation of their First Amendment rights, but the amount of money involved in each individual's claim would make it burdensome for Class members to maintain separate actions.

31. Plaintiffs' attorneys are provided to Plaintiffs and Class members *pro bono* by a national, charitable legal aid organization. These attorneys are experienced in representing nonmember employees in labor litigation, including issues similar to those presented here. Because of their experience and expertise in this area of the law, these attorneys are best able to represent the Class members' interests, and fairly, zealously, and adequately will do so.

## VI.  CLAIMS FOR RELIEF

### Count I: MEA Violated Plaintiffs' Rights under 42 U.S.C. § 1983 and the United States Constitution.

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. The First and the Fourteenth Amendments to the United States Constitution protect the associational, free speech, and free choice rights of United States citizens.

7

34. "Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay . . . and waiv[es] their First Amendment rights." *Janus*, 138 S. Ct. at 2486.

35. Plaintiffs' and Class members' First Amendment waivers "must be freely given and shown by 'clear and compelling' evidence," and cannot be presumed. *Id.* (quotation and citation omitted).

36. MEA, its affiliates, and/or its agents have demanded, and continue to demand, and attempt to collect, and/or actually have collected dues, fees, and/or other payments from Gervais, Williams, and putative Class members pursuant to its exclusive representative status.

37. Under color of state law, specifically PERA, MEA is violating, and continues to violate, Plaintiffs' and the Class' rights to freedom of association, freedom of speech, and free choice under the First Amendment to the United States Constitution, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983, by its', its affiliates', and/or its agents' demands, attempts to collect, and/or actual collection from them of union dues, fees, and/or payments.

38. As a direct result of MEA's, its affiliates', and/or its agents' demands, attempts to collect, and/or actual collection of dues, fees, and/or payments, Plaintiffs Gervais, Williams, and the Class have suffered, and will continue to suffer, irreparable harm, damage, and injury inherent in a violation of their First Amendment rights, for which there is no adequate remedy at law, until this Court enjoins MEA.

### VII. Prayer for Relief

WHEREFORE, Plaintiffs pray this Court:

A. **Class Action:** Enter an order, as soon as practicable, certifying this case as a class action as defined in this Complaint, certifying Gervais and Williams as the class representatives, and ap-

pointing Plaintiffs' counsel, Amanda K. Freeman, Frank D. Garrison, and Milton L. Chappell as class counsel;

B. **Permanent injunction:** Issue a permanent injunction enjoining MEA from demanding payment from, attempting to collect from, and/or collecting from Plaintiffs and the Class dues, fees, and/or payments without their affirmative consent and a legal waiver of their constitutional rights;

C. **Declaratory Judgment:** Enter a declaratory judgment that it is unconstitutional for MEA to demand payment from, to attempt to collect from, and/or actually to collect from non-member employees dues, fees, and/or payments without their affirmative consent and a legal waiver of their constitutional rights;

D. **Damages:** Issue an order awarding Plaintiffs and the Class any monies they paid as a result of MEA's unconstitutional demand for, attempt to collect, and/or actual collection of dues, fees, and/or payment from Plaintiffs and the Class, or nominal damages for those who did not pay, and hold MEA liable for said damages;

E. **Costs and Attorneys' Fees:** Award Plaintiffs and Class their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988;

F. Retain jurisdiction over this action for a reasonable period of time after entering a final judgment to ensure MEA complies with this Court's Orders; and

G. Order any other legal and/or equitable relief the Court deems just and proper.

Respectfully submitted this 16th day of October 2018.

/s/ Amanda K. Freeman
Amanda K. Freeman
Frank D. Garrison
Milton L. Chappell*
  *Application for Admission Filed
c/o National Right to Work Legal
  Defense Foundation, Inc.
8001 Braddock Road, Suite 600

Springfield, Virginia 22160
Telephone: 703-321-8510
Facsimile: 703-321-9319
akf@nrtw.org
fdg@nrtw.org
mlc@nrtw.org

*Attorneys for Plaintiffs*